UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REGENCY HOSPITAL OF NORTH CENTRAL OHIO, LLC** | ) ) ) | **CASE NO.1:08CV2248** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **COMMUNITY INSURANCE CO., ET AL.,** | ) ) ) | **ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

On September 23, 2008, Defendant Community Insurance Co. removed this case from Cuyahoga County Court of Common Pleas to United States District Court for the Northern District of Ohio based on federal question jurisdiction. The Complaint alleges Defendant insurer was required to pay claims, on behalf of its insured, directly to Plaintiff pursuant to an assignment. Benefits were paid pursuant to a Service Benefit Plan between Defendant Community Insurance and its insured Defendant Henrietta Dismon.

Defendant Community Insurance removed the action, alleging "the Service Benefit Plan was created by a federal government contract between the United States Office of Personnel Management ("OPM") and the Blue Cross and Blue Shield Association ("BCBSA"), pursuant to the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914." Defendant Community contends a federal statute confers exclusive authority to police the actions of carriers, thereby preempting state laws and conferring federal question jurisdiction. On September 30, 2008, Defendant Community Insurer filed its Motion to Dismiss. On December

9, 2008, Plaintiff filed a Voluntary Dismissal Without Prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) of its claims against Defendant Community Insurance Co., only. That same day, Community Insurance Co. filed a Notice of No Objection to Plaintiff's Voluntary Dismissal.

Because Plaintiff's Voluntary Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), does not dismiss the entire action, as Plaintiff intends to pursue its state law claims against the remaining Defendants, the Court cannot grant the partial dismissal under R. 41. *Baker v. The City of Detroit*, 217 Fed. App'x. 491, 496 (6th Cir. 2007)("Rule 41 does not speak to dismissal of *claims*..."). However, courts have treated partial dismissal requests brought under Rule 41 as Motions to Amend under Fed. R. Civ. P. 15. Because the only Defendant on whom service has been perfected, has consented to the dismissal, as evidenced by the state court docket attached to the Notice of Removal, the Court will treat the Rule 41 Notice as a Motion to Amend pursuant to Fed. R. Civ. P. 15 and grants the Motion to Amend dismissing all claims against Defendant Community Insurance Co., without prejudice. As there are no remaining federal question claims, nor is there diversity jurisdiction, the Court remands the remaining state law claims back to Cuyahoga County Court of Common Pleas for prompt adjudication.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

December 11, 2008